IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82113-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| P. L.-Q., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — P.L.-Q. was found guilty of rape in the second degree after a bench trial. L.-Q. appeals, challenging several findings of fact and conclusions of law by the trial court and asserting error in its conclusion that the rape was committed by forcible compulsion and also while the victim was unable to consent due to mental incapacity. Because the Order on Disposition is inconsistent with the manner by which the State charged the case, we are unable to engage in the review L.-Q. now seeks. Accordingly, we remand for the trial court to clarify its ruling and, if necessary, to correct the Order on Disposition consistent with that clarification.

FACTS

L.-Q. was originally charged with one count of rape in the second degree by forcible compulsion. Prior to trial, the State moved to amend the information, adding a second count of rape in the second degree based on an allegation that

the victim was unable to consent due to intoxication. Both counts were based on the same act.

Following the bench trial, the court found L.-Q. guilty of rape in the second degree as to count one, but the Order on Disposition notes that the conviction was under both means alleged by the State and cites the relevant subsections of the rape statute. The record on appeal is silent as to the disposition of count two, which was added by means of the amended information.

L.-Q. timely appealed his conviction, challenging some of the court's findings of fact and conclusions of law after the bench trial, but primarily focusing on his claim that there was insufficient evidence to support rape by forcible compulsion or rape where the victim was incapable of consent due to incapacity. The parties twice supplemented the record as to the amended information and L.-Q.'s arraignment on the amended charging document at the direction of this panel.

ANALYSIS

L.-Q. assigns error as to his conviction under two alternative means for the allegation of rape in the second degree contained in count one of the amended information. However, this case did not involve alternative means. By its amended information, the State brought two separate counts of rape in the second degree; the first alleging rape by forcible compulsion and the second alleging that the victim was incapable of consent based on intoxication. By the State's own admission, both counts arose from a single set of facts. The trial court only convicted L.-Q. of count one, which was exclusively charged as rape in the second degree by forcible compulsion. However, the Order on Disposition issued after the bench trial

explicitly states that the court convicted L.-Q. on: "Count I: Rape in the Second Degree (Forcible Compulsion and Unable to Consent) (alternative prongs), pursuant to RCW 9A.44.050(1)(a) and 9A.44.050(1)(b)."

This appears to be a scrivener's error as the disposition does not conform to the charging document. The record demonstrates that the State was seeking to proceed on a theory of alternative means when it filed the amended information, but also acknowledged that its method was faulty, stating "I'm not sure if that's necessarily the easiest or most intuitive way to do that." After assuring the court that it was not "trying to double-charge or anything like that," the court responded "I understand them to be alternate prongs for effectively the same or related conduct, but we'll deal with that in more detail when we get to trial." However, the report of proceedings does not indicate that the issue was ever readdressed by the parties or the court. We recognize that "[p]rosecuting attorneys are vested with great discretion in determining how and when to file criminal charges." State v. Korum, 157 Wn.2d 614, 625, 141 P.3d 13 (2006). We further understand that the court could not convict on both counts presented by the State without implicating double jeopardy concerns. Further complicating the procedural aspects of this case, the record does not indicate any disposition as to the second count which was added by the amended information.

"When reviewing a claim of insufficiency of the evidence, this court looks to whether, when viewing the evidence in the light most favorable to the State, a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." State v. Cook, 17 Wn. App. 2d 96, 110–11, 484 P.3d 13 (2021). In doing

so, we engage in sufficiency review by considering the evidence adduced at trial as applied to the essential elements of the crime which the State was required to prove beyond a reasonable doubt. Because sufficiency review necessarily rests upon the elements of the crime as alleged by the State and because the only conviction in this case goes to count one, and appears to treat it as an alternate means crime despite the fact that the State did not charge in that manner, we cannot properly engage in the review L.-Q.'s appeal requires. As such, we remand for the trial court to clarify its ruling, and resolve any scrivener's errors in the Order on Disposition consistent with that clarification, before this court can properly engage in a sufficiency review.

This court will retain jurisdiction over the appeal. Clarification by the trial court, and any corrections consistent with that clarification, shall be transmitted to the clerk of this court. The panel will determine whether additional briefing is necessary.

Remanded.

WE CONCUR:

_____

_____ Colburn, J.    _____ Mann, C.J.